UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JULIE DERMANSKY,

                     Plaintiff,

  - against -

TEGNA INC.

                     Defendant.

Docket No. 1:17-cv-7445

JURY TRIAL DEMANDED

---

## COMPLAINT

Plaintiff Julie Dermansky ("Dermansky" or "Plaintiff") by and through her undersigned counsel, as and for his Complaint against Defendant Tegna Inc. ("Tegna" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Abdulrahman Zeitoun in front of the Greyhound bus station where he was detained in the aftermath of Hurricane Katrina, owned and registered by Dermansky, a New Orleans based photojournalist. Accordingly, Dermansky seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Dermansky is a professional photojournalist in the business of licensing his Photograph to online, print, and television stations for a fee, having a usual place of business at 2357 Cours Carson, Street, Mandeville, Louisiana 70448.

6. Upon information and belief, Tegna is a foreign corporation duly organized and existing under the laws of the State of Virgina, with a place of business at 7950 Jones Branch Drive, McClean Virginia 22107. At all times material hereto, Tegna has owned and operated a website at the URL: www.wwltv.com (the "Website") and produces Eyewitness News 4 WWL (the "TV Show").

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photograph**

7. Dermansky captured a photograph of Abdulrahman Zeitoun in front of the Greyhound bus station (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Dermansky published the Photograph on her website with a watermark. A true and correct copy of the Photograph with the water marker on her website is attached hereto as Exhibit A.

9. Dermansky is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10.  The Photograph is registered with the United States Copyright Office and given copyright registration number VA 2-036-511.

**B.   Defendant's Infringing Activities**

11.  Upon information and belief, Tegna ran an article on the Website entitled *Zeitoun acquitted of attempted murder of wife*. See http://www.wwltv.com/news/zeitoun-acquitted-of-attempted-murder-of-wife/412291374. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit C.

12.  Upon information and belief, Tegna produced a story on the TV Show. The TV Show prominently featured the Photograph.

13.  Tegna did not license the Photograph from Plaintiff, nor did Tegna have Plaintiff's permission or consent to publish the Photograph on its Website or TV Show.

14.  Tegna has a history of infringing on Dermansky's photographs. Dermansky filed a claim against Tegna in April 2017 for the unauthorized use of four other photographs owned by Dermansky. See *Dermansky v. Tegna Inc.* (1:17-cv-2690-WHP)

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST TEGNA)**
**(17 U.S.C. §§ 106, 501)**

15.  Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-14 above.

16.  Tegna infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website and TV Show. Tegna is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

17.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

18.     Upon information and belief, the foregoing acts of infringement by Tegna have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

19.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

20.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST TEGNA
## (17 U.S.C. § 1202)

21.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-20 above.

22.     When the Photograph was published on Dermansky's website, the article contained a watermark which is considered copyright management information under 17 U.S.C. § 1202(b).

23.     Upon information and belief, in its article on the Website, Tegna copied the Photograph from Dermansky's website and pasted it on the Website and intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

24.     The conduct of Tegna violates 17 U.S.C. § 1202(b).

25. Upon information and belief, Tegna's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

26. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Tegna intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Tegna also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

27. As a result of the wrongful conduct of Tegna as alleged herein, Plaintiff is entitled to recover from Tegna the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Tegna because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

28. Alternatively, Plaintiff may elect to recover from Tegna statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Tegna be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Tegna be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203 (b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
September 28, 2017

LIEBOWITZ LAW FIRM, PLLC
By: /s/Richard Liebowitz
Richard P. Liebowitz

11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Julie Dermansky*